### ROOSEVELT HAGGINS V. THE STATE.

No. 19345.   Delivered February 2, 1938.

The opinion states the case.

*J. H. Martin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary of a private residence at night; penalty assessed at confinement in the penitentiary for five years.

The only question presented for review is the sufficiency of the evidence to support the conviction. The State's testimony is to the effect that Garnett Reed and his family left their home in Corpus Christi, about 7:30 P. M., on September 15, 1936, for the purpose of attending a picture show. They locked their house before leaving it. Upon their return between 9:30 and 10:00 o'clock that night, they discovered that their house had been burglarized. Entry was made through a window, where the screen had been removed, the window pushed up, and the curtains torn down. The bed clothing had been taken from both beds. Footprints were found in the sandy loam below the window which indicated that the person had come into and gone out of the house. The witness measured the footprints, which were twelve inches in length. Among the articles taken from the house was a bedspread. This was introduced in evidence upon the trial and identified by Reed as belonging to him. The bedspread was new, and the witness identified it by its color and design.

The witness, Ruby Stephens, testified that she purchased a bedspread from the appellant for which she paid him $2.00. The bedspread was new and had never been laundered, but that she washed it while in her possession. Two officers came to her house in company with the appellant and got the bedspread.

Butler, a deputy sheriff, testified that he went to the home of Ruby Stephens in company with the appellant and there found the bedspread after having been told by the appellant where the stolen property might be found. According to the officer, the appellant said:

"I robbed so many places and got so much stuff, I don't

know what all; and I have sold it, and what I can remember, I will take you around and show you where it is."

The officer identified the bedspread introduced in evidence upon the trial as the one which he had obtained from the home of Ruby Stephens.

The appellant did not testify upon the trial, nor did he introduce any witnesses in his behalf.

Deeming the evidence sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*